## S98A1566. HART v. CUMMINGS et al.
### (509 SE2d 921)

SEARS, Justice.

Appellant Roger Hart appeals the decree of the superior court establishing that appellees Roger and Patricia Cummings hold fee simple title to approximately nine acres of property in Troup County, and that appellant has no interest whatsoever in that property. In his appeal, appellant points to no evidence to support his assertion that the trial court's ruling was erroneous, and our own review of the record reveals that the trial court's ruling was amply supported by the evidence. Therefore, we affirm.

At issue is title to approximately nine acres of land included within a larger parcel of property owned by appellees. The larger parcel was purchased in two tracts in 1892 and 1901 by appellees' predecessor in title, who was also appellee Patricia Cummings's great-grandfather. Since 1901, the nine acres at issue has been continuously held in open and notorious possession by appellees' predecessors in title. During that time, the property has been continuously occupied, and has been the site of a farm, a residence, and a country store.

In 1968, appellant and his sister purchased approximately 185 acres that adjoins the northern and eastern lines of the appellees' property. Appellant's property abuts the disputed nine acres. In 1985, appellant began to claim title to the disputed nine acres. Appellees acquired their property by executor's deed in May 1995. In August 1995, appellees filed a petition to establish title to the disputed acreage against all the world, and named appellant as a defendant therein. Appellant answered, and a special master was appointed to hear and determine the issues involved. After a hearing, the special master reported the facts recited above, and concluded that appellees had fee simple title to the nine acres in dispute, both by virtue of the chain of title and, barring that, adverse possession for more than sev-

enty years. Based upon these findings, the special master concluded that appellant's assertion that he held title to the nine acres was meritless. Shortly thereafter, the trial court issued its decree adopting the special master's findings and conclusions, and accepting the special master's recommendation that the appellee's petition to establish title against all the world be granted.

Appellant urges before this Court that the superior court erred, because appellant's warranty deed purports to convey title to the acreage, and because a survey performed at appellant's direction indicates that the acreage is included in appellant's holdings. Both of these contentions were raised before the special master, and the special master rejected them after finding (1) that appellant's warranty deed did not convey title to the disputed nine acres; (2) that the deed by which appellant's predecessor acquired his property shows it to be bounded by property owned by appellees' predecessor in title, including the acreage in dispute; and (3) that appellant's survey of the property was inaccurate and unreliable. The special master's findings were accepted by the trial court when it issued its decree. On appeal, appellant points to no evidence, of record or otherwise, to contradict these findings and support his assertions. Furthermore, our own review of the record — which includes neither a transcription of the hearing held below nor an agreed-upon statement of facts — reveals no support for appellant's claims, and ample support for the superior court's ruling that appellees possess fee simple title to the property in question.

In matters such as this one, where the hearing held below is not transcribed and the parties do not come to an agreed-upon statement of the facts, it is presumed that the lower court's decision is amply supported by the evidence of record.[1] As stated above, in this case, that presumption is confirmed by our own conclusion that the evidence of record supports the superior court's decree, and provides no support for appellant's assertions. It follows that the superior court did not err in granting appellees' petition.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*William L. Jones,* for appellant.
*Duncan & Thomasson, Thurman E. Duncan, Willis, McKenzie & Long, Edward L. Long, Jr.,* for appellees.

---

[1] *Vaughan v. Buice,* 253 Ga. 540 (322 SE2d 282) (1984).