S98A1852. BOLES et al. v. LEE et al.
S98A1853. BOLES v. LEE et al.
(511 SE2d 177)

SEARS, Justice.

Appellants Dilo Boles, Winfred Boles and Beryl Mills appeal the trial court's order granting appellee Otis Lee's request for equitable partitioning of jointly held land. Because appellants have failed to satisfy their burden of affirmatively showing error in the record before this Court, we affirm.

The parties are owners of a parcel of property located in Fitzgerald, Georgia. Appellee Lee owns a 4/6th undivided interest, and appellants Dilo and Winfred Boles and Beryl Mills each own a 1/18th undivided interest. The remaining 1/6th interest in the property is owned by two individuals who are not parties to this matter. The record contains a 1979 deed signed by Emma Clark, the parties' mother and grandmother, now deceased. The 1979 deed conveyed title to the property to the present owners and, in some cases, their predecessors in interest, after reserving a life estate for the benefit of Emma Clark.

In 1997, appellee Lee filed a petition for equitable relief, alleging that appellant Winfred Boles resided on the property, refused Lee access to the property, and refused to pay rent for her occupancy of the residence located on the property. Appellee sought injunctive relief to prevent what he alleged was appellant Boles's continuing trespass on the property. He also sought an equitable partitioning, alleging that due to its size and shape, the property could not be divided in kind among its various owners, and that statutory partitioning was inappropriate, because it would prevent the owners from bidding at a public sale of the property, which Lee desired to do.

On May 26, 1998, the matter was brought for hearing before the superior court. In its subsequent order, issued on June 12, 1998, the superior court found (1) that the property was not subject to division in kind, (2) that the property was subject to equitable partitioning, and (3) that the parties' best interests would be served and protected by the ordering of a public sale of the property at which all owners and the general public would be afforded rights to bid on the property. A public sale was ordered after the passing of the statutorily-prescribed time, with a ruling on the distribution of proceeds reserved until a later date.

1. Appellants contend that the superior court erred by ostensibly

holding a hearing on only the temporary use of the property, and then unexpectedly deciding appellee's request for equitable partitioning, without affording the parties a full opportunity to conduct discovery and present evidence. However, when there is notice of an interlocutory hearing, unless one of the parties objects, a trial court is free to exercise its discretion and decide the merits of the case before it.[1] In this case, there is no transcript of the hearing in the trial court included in the record, and the parties concede that no such record was made. Hence, there is no evidence of record that appellants objected to the trial court's decision to rule on the merits of the case at the hearing. A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.[2] It cannot be presumed from a silent or non-existent transcript of a hearing below that a proper objection was interposed,[3] and hence we must conclude that these enumerations are waived.

2. Appellants also contend that the trial court's ruling is in error because it is based upon appellee's assertion that the property passed from Emma Clark by deed executed in 1979, and that Emma Clark died intestate. Appellants assert that the property passed by a recently discovered will executed by Emma Clark sometime after 1979. However, as recently held by this Court in *Hart v. Cummings*, when a hearing held below is not transcribed and the parties do not come to an agreed-upon statement of facts, it is presumed that the lower court's ruling is amply supported by the evidence of record.[4] Accordingly, this enumeration is rejected.

3. Finally, appellant Beryl Mills claims that she was not given proper notice of the hearing before the superior court. In its order, the superior court found that prior to the hearing, all parties had been served with a summons and copy of the complaint, except appellant Beryl Mills, even though a diligent effort had been made to effectuate personal service upon her. However, that finding is at odds with an affidavit and return of service located in the record before this Court, which states that appellant Mills was served with a summons and copy of the complaint at her New Jersey residence on May 20, 1998, six days before the hearing. Moreover, it is not disputed

---

[1] *Gwinnett County v. Vaccaro*, 259 Ga. 61, 63 (376 SE2d 680) (1989).

[2] *Bakery Services v. Thornton Chevrolet*, 224 Ga. App. 31, 34-35 (479 SE2d 363) (1996).

[3] *Kosikowski v. Kosikowski*, 240 Ga. 381, 383 (240 SE2d 846) (1977).

[4] *Hart v. Cummings*, 270 Ga. 413 (509 SE2d 921) (1999). As an aside, we note that this Court may consider on appeal a transcript that has been (1) prepared by one of the parties, even if the other party does not agree to what transpired, so long as the trial court approves of the reconstructed transcript; or (2) prepared by the trial court itself, based upon its own recollection. See OCGA § 5-6-41 (g); *Griggs v. Griggs*, 234 Ga. 451, 452-453 (216 SE2d 311) (1975). No such reconstructed transcript has been supplied in this case, however.

that an attorney associated with appellant Mills' attorney of record on appeal appeared on her behalf at the superior court hearing. The record also contains a second return of service showing that appellant Mills was again served with a summons, copy of the complaint, and rule nisi on May 28, 1998, two days after the hearing.[5]

Because there is no transcript of the hearing held below, it is impossible to reconcile the trial court's finding that appellant Mills had not been served with (1) the return of service showing otherwise contained in the record, and (2) the fact that appellant Mills was represented by counsel at the hearing. In light of these facts, it appears likely that the superior court erred in concluding that appellant Mills did not receive personal service of the summons and complaint before the hearing. However, we need not reach that conclusion, because, as stated above, it will not be presumed from a non-existent transcript that an objection has been preserved for review on appeal. It appears that appellant Mills was represented at the hearing, and there is no transcript before this Court affirmatively showing that an objection regarding insufficient service of process was interposed on her behalf at the hearing. Accordingly, for the same reasons discussed in Division 1 above, this enumeration is deemed waived.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Sims, Fleming & Spurlin, John C. Spurlin,* for Dilo Boles and Beryl Mills.
*Richard M. Nichols,* for Winfred Boles.
*Mills & Chasteen, Robert W. Chasteen,* for Otis Lee.

---

[5] In its order, the superior court ruled that before sale of the property, Beryl Mills would be served by publication pursuant to OCGA § 9-11-4 (e) (1) (C), which provides that "When service by publication is ordered, personal service of a copy of the summons, complaint, and order of publication outside the state in lieu of publication shall be equivalent to serving notice by publication." In this appeal, appellant Mills (a New Jersey resident) does not concede that the superior court's order requiring publication notice on her was satisfied when she was personally served, for the second time, two days after the hearing.