A01A2544. GAMLINS, SOLICITORS & NOTARIES v. A. E. ROBERTS & ASSOCIATES, INC.
(564 SE2d 29)

SMITH, Presiding Judge.

In this action brought to recover legal fees, Gamlins, Solicitors & Notaries, a business providing legal services in the United Kingdom, brought suit against A. E. Roberts & Associates, Inc., a Georgia corporation, alleging that Roberts failed to pay Gamlins for legal services performed in the United Kingdom. Gamlins appeals from the trial court's grant of Roberts's motion to dismiss, brought on the grounds of insufficient service of process and the statute of limita-

tion. Gamlins contends the trial court erred when it dismissed the action because Roberts made a general appearance and waived any defense of lack of personal jurisdiction. We conclude that any argument regarding the inadequacy of the original attempt at service has been waived by Gamlins and that its attempt at later service was ineffective. Because the statute of limitation for a suit on account had expired without proper service on Roberts, the trial court did not err in dismissing Gamlins's complaint.

The record shows that acting without an attorney, Mr. A. E. Roberts filed what appears to be correspondence between him and Gamlins, which he now characterizes as an "answer." Gamlins filed a motion for default judgment or, in the alternative, for judgment on the pleadings. Roberts then retained an attorney, who filed a notice of appearance, a response to Gamlins's motion, and an amended answer. The trial court denied Gamlins's motion, finding that although Roberts had not filed a proper answer, the summons was defective and therefore service upon the corporation was insufficient. Gamlins then attempted service upon the Secretary of State under OCGA § 9-11-4 (e) (1), and Roberts then filed a motion to dismiss on the grounds of insufficient service of process and the statute of limitation. The trial court granted Roberts's motion, and Gamlins filed this appeal.

1. Gamlins argues that the trial court should have granted its motion to enter a default judgment or for judgment on the pleadings. But Gamlins has not designated this order in the notice of appeal. The notice of appeal specifically recites that the order appealed from is the order granting Roberts's motion to dismiss. Therefore, even though Gamlins argues in its brief the propriety of the trial court's denial of its motion for a default judgment or judgment on the pleadings, it has waived consideration of this issue on appeal. "Matters not enumerated as error will not be considered on appeal. An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." (Citations and punctuation omitted.) *Wilson v. City of Atlanta*, 223 Ga. App. 144, 145, n. 1 (476 SE2d 892) (1996). See also *Alternative Health Care Systems v. McCown*, 237 Ga. App. 355, 357-358 (2) (d) (514 SE2d 691) (1999).

2. Gamlins contends the trial court erred in granting Roberts's motion to dismiss the action. Gamlins argues that the trial court erroneously found that Roberts was improperly served because Roberts made a general appearance, waiving any defense of lack of personal jurisdiction. The order dismissing Gamlins's complaint did not recite the trial court's reasoning or the grounds for dismissal. But the motion was made on the ground that the complaint had never been served and was barred by the applicable statute of limitation.

(a) The trial court had previously held that service was defective. This ruling is the law of the case. And Gamlins's later attempt at service was never properly effected. Gamlins's attempt to serve Roberts under OCGA § 9-11-4 (e) (1) by serving the Secretary of State did not comply with the requirements of the statute. The statute requires that "a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section," be left with the Secretary of State and that the plaintiff or his or her attorney

> shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that the corporation has failed either to maintain a registered office or to appoint a registered agent in this state.

OCGA § 9-11-4 (e) (1).

The Secretary of State's certificate of filing recites that the "attached documents regarding service of process have been filed." The attached documents do not include either the required certification or the required affidavit. The affidavit of Gamlins's attorney, pointed to by Gamlins, is dated November 22, 2000, while Gamlins claims to have served the Secretary of State on November 13, 2000. That affidavit therefore did not exist at the time of service upon the Secretary of State and could not have been filed at that time. And the affidavit of the private process server is inadequate under the statute. The record does not show that this process server was either a sheriff or marshal, or that he was appointed by the court, as required by OCGA § 9-11-4 (c). "In the absence of service in conformity with OCGA § 9-11-4, the court does not obtain jurisdiction over the defendant." (Citation and punctuation omitted.) *Merck v. St. Joseph's Hosp.*, 251 Ga. App. 631, 632 (555 SE2d 11) (2001). It follows that Roberts was never properly served.

(b) The statute of limitation for a suit on account is four years. OCGA § 9-3-25. Gamlins alleged in its complaint that the services it rendered were performed in 1996 and that it presented the account for payment on February 3, 1997. The statute of limitation began running on that date, the date Gamlins's right of action accrued. Id. Because Roberts had not been properly served, the statute continued to run even after this action was filed. When the trial court made its ruling, on May 22, 2001, the statute of limitation had expired without Roberts being properly served. The trial court therefore properly dismissed Gamlins's suit.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 14, 2002 —
RECONSIDERATION DENIED APRIL 8, 2002.

*Jeffrey L. Sakas*, for appellant.
*Siegel & Golder, Mark L. Golder, Lynn L. Carroll*, for appellee.