## A03A1784. WILLIAMS v. MORGAN.
### (586 SE2d 740)

ELDRIDGE, Judge.

Appellee/plaintiff Daniel Morgan brought suit against appellant/defendant Marilyn Williams for damages he incurred when he purchased a stolen vehicle from her and was subsequently arrested therefor. In the complaint, Morgan alleged that in 1999, Williams offered to help him obtain a hurricane or storm damaged vehicle at a discount from an east coast car lot where a relative or friend of Williams worked. Morgan accepted Williams' offer and agreed to buy a 1999 Chevrolet Suburban for the price of $16,000. On May 6, 1999, Morgan paid Williams the purchase price in cash and took possession of the vehicle. Williams agreed to provide the vehicle title and license plate within 30 days. On May 19, 1999, Morgan was arrested and charged with theft by receiving stolen property.

The complaint, which was based on fraud, was filed May 7, 2001, and sought compensatory damages for the price of the car, costs and expenses, attorney fees, pain and suffering resulting from his incarceration, and punitive damages. On May 18, 2001, Williams pro se filed an unverified letter/answer in which she denied knowing or having any involvement with Morgan. On January 7, 2003, based on Williams' failure to answer Morgan's request for admission and the affidavit of Kenny Ringer, Morgan's cousin and Williams' friend, who averred that Williams had stated to him that she had planned to ignore the pleadings so that the court would think the wrong person had been served and that she had provided Morgan with the 1999 Chevrolet Suburban, the trial court entered an order granting Morgan partial summary judgment as to the issue of liability. On February 3, 2003, a bench trial was held on the issue of damages, and a judgment was entered in Morgan's favor in the total amount of $102,191, consisting of $27,100 compensatory damages, $25,000 general damages, $50,000 punitive damages, and $91 court costs.

Williams appeals pro se from this judgment. She enumerates as error a violation of her Fifth Amendment rights in that she was unable to cross-examine Ringer; that Ringer was not called as a witness at trial and never testified; that she was not given the right to confront Ringer at trial; that there was no evidence to prove Morgan's case other than Ringer's testimony; and that a bill of sale was never provided at trial.

1. Each of these enumerations requires the consideration of the evidence heard by the trial court. However, in her notice of appeal, Williams did not request that the transcript be included as part of the record before us on appeal.

> The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. [Additionally, w]ithout a transcript, we have no way of knowing what issues [Williams] actually raised in the court below, and it is well established that this Court cannot hear arguments raised for the first time on appeal.

(Citations and footnotes omitted.) *Afraknteh v. Halstead*, 259 Ga. App. 645, 646 (578 SE2d 126) (2003). Although Williams has attached a partial copy of the transcript to her brief, "a brief cannot be used in lieu of the record for adding evidence." (Citation and punctuation omitted.) *Garrett v. McDowell*, 242 Ga. App. 78, 79 (1) (527 SE2d 918) (2000). See Court of Appeals Rule 23 (f). As Williams has failed to provide this Court with a sufficient record on which to review her claims, we must affirm.

Additionally, Williams' brief is completely devoid of any argument or citations to authority and consists solely of her enumerations of error and copies of a portion of the trial transcripts and various pleadings. Therefore, under Court of Appeals Rule 27 (c) (2), such enumerations are deemed abandoned.

2. Morgan's motion to impose sanctions against Williams under OCGA § 5-6-6 or, in the alternative, Court of Appeals Rule 15 (b) for filing a frivolous appeal is denied.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 21, 2003.

Marilyn Williams, *pro se.*
*Larry E. Stewart*, for appellee.