A06A0995. NYASS et al. v. TILAHUN.
(636 SE2d 714)

MIKELL, Judge.

Fatou and Abdoula Nyass filed a personal injury action against Bikensh Tilahun a/k/a Birkensh Tilahun, which the trial court dismissed. On appeal, appellants argue that the trial court erred in its conclusion that the appellee had not been timely served and that Abdoula Nyass's loss of consortium claim was barred by the statute of limitation. We affirm.

The record shows that Fatou Nyass and Tilahun were involved in an automobile accident on August 22, 2002. Fatou Nyass and her husband, Abdoula Nyass, filed an action against Tilahun, whom they identified in their complaint as Birkens Tilaman, in the State Court of DeKalb County on July 1, 2003, seeking damages for Fatou Nyass's injuries and Abdoula Nyass's loss of consortium. On July 24, 2003, appellants received a return of service from the sheriff's department, indicating that Tilahun no longer lived at the address listed on the police report. On September 3, 2003, appellants requested change of address information on Tilahun from the United States Postal Service and on January 10, 2004, were notified that no change of address information was on file. Appellants filed a motion for service by publication and the order perfecting service was entered on March 2, 2004.

Appellants filed a motion for entry of default judgment, and a default judgment on liability against Tilahun[1] was granted on May 14, 2004. On July 19, Tilahun filed a special appearance and answer, which identified the misnomer in the Nyass's complaint, and raised the defenses of insufficiency of process and service of process, as well as lack of venue and personal jurisdiction. Plaintiffs filed a new complaint, discovery, and an acknowledgment of service on August 13, 2004. On August 19, Tilahun's counsel sent a letter to plaintiffs' counsel indicating that he would not accept service on Tilahun's behalf and on October 14, 2004, filed a special appearance and answer, which raised the same defenses filed in the first answer and the additional defense that the case was barred by prior pending litigation.

On October 28, 2004, appellants received a letter from a private investigation firm they retained to locate Tilahun on September 20, reporting that they had not located Tilahun and making suggestions as to how to find her. On November 3, 2004, appellants authorized the firm to continue working and followed up with them again on November 17, 2004, and on March 16, 2005, receiving another report on March 17, 2005, that detailed their unsuccessful efforts.

On May 20, 2005, Tilahun filed her motion to dismiss plaintiffs' complaint. It does not appear from the record that Tilahun was ever served with any of plaintiffs' complaints.

1. In their first enumerated error, appellants contend that the trial court erred by concluding that they failed to exercise due diligence in attempting to locate and serve Tilahun and that the statute of limitation did not toll during their search.

---

[1] In the order, Tilahun was named as Birkens Tilaman.

We review for abuse of discretion the trial court's decision regarding whether or not the plaintiff was diligent in attempting service.[2] In this case, we cannot discern from the trial court's order whether the action was dismissed because the statute of limitation had expired or because the plaintiffs were not diligent in attempting service. In any event, the trial court's ruling was correct because Tilahun has never been personally served with the complaint in this case, and the statute of limitation expired on August 22, 2004. "To constitute a valid action, the complaint must be served personally on the defendant."[3]

2. Appellants also argue that the trial court erred in dismissing the loss of consortium claim. We note, however, that this argument was not asserted in their brief opposing Tilahun's motion to dismiss, and we do not know whether it was raised otherwise below as appellants elected not to include the transcript of proceedings below in the record on appeal.

> The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. Additionally, without a transcript, we have no way of knowing what issues [appellants] actually raised in the court below, and it is well established that this Court cannot hear arguments raised for the first time on appeal.[4]

Accordingly, this enumerated error also fails.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 13, 2006.

---

[2] *Brown v. Bailey*, 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986).

[3] (Punctuation and footnote omitted.) *Costello v. Bothers*, 278 Ga. App. 750, 752 (2) (629 SE2d 599) (2006). See also *Hill v. McGarity*, 205 Ga. App. 850, 851 (424 SE2d 62) (1992) (no valid action exists against defendants who were not served); *Denny v. Croft*, 195 Ga. App. 871 (2) (395 SE2d 72) (1990) (no personal jurisdiction over defendant who received a copy of summons and complaint where service was nonetheless invalid).

[4] (Citation and punctuation omitted.) *Williams v. Morgan*, 262 Ga. App. 848 (1) (586 SE2d 740) (2003).

*Gaslowitz Frankel, Craig M. Frankel, Tamisa N. Wertz*, for appellants.

*Cooper & Makarenko, Nikolai Makarenko, Jr.*, for appellee.