A06A2467, A07A0057. JONES v. VAN HORN (two cases).
(640 SE2d 712)

ANDREWS, Presiding Judge.

James Robert Jones and Kristin Brooke Van Horn[1] were divorced in Texas in 2001 pursuant to a final decree of divorce which appointed the parties as "joint managing conservators" of their two minor children, a daughter and a son. By giving Jones the exclusive right to establish the daughter's primary residence and giving Van Horn the exclusive right to establish the son's primary residence, the decree, in effect, awarded Jones physical custody of their daughter and awarded Van Horn physical custody of their son. In June 2005, Van Horn filed a petition in Dade County, alleging that Jones had resided there with custody of their daughter for more than six months prior to the date of the petition, and seeking an order changing physical custody of the daughter from Jones to Van Horn.[2] After a hearing, the trial court entered an order granting the petition and awarding permanent custody of the daughter to Van Horn. Jones appeals from the trial court's denial of his motion for a new trial and to set aside the custody order.[3] For the following reasons, we reverse and remand the case to the trial court.

---

[1] Formally known as Kristin Brooke Jones at the time of the divorce decree.

[2] Under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.), jurisdiction to modify the Texas custody determination was based partly on proof that Georgia was the child's home state, defined as the state in which the child lived with a parent for at least six consecutive months immediately before commencement of the proceedings. OCGA §§ 19-9-41 (7); 19-9-63.

[3] Jones filed two appeals from the denial of his motion for new trial and to set aside. The appeal in Case No. A06A2467 was filed initially in the Supreme Court of Georgia, which transferred the appeal to this Court. The appeal in Case No. A07A0057 was filed in this Court pursuant to our grant of an application under OCGA § 5-6-35 (a) (2). We have consolidated these

1. Jones contends that the trial court erred because there was no change in circumstances sufficient to support the trial court's order changing custody of the child.

In her June 2005 petition, Van Horn alleged that custody of their daughter should be changed from Jones to her because Jones "is presently in the military service, and is now scheduled to be deployed and away from his present home for at least the next several months," and that she should be awarded permanent custody of the child "because of said deployment." It is undisputed that, when the petition for change of custody was filed, Jones was a member of the United States Army, that he had remarried, and that he resided in Dade County along with his present wife and his daughter. The Texas divorce decree contained a provision stating that, if Jones was deployed overseas to a location where the daughter was not allowed to accompany him, then the daughter would reside with Van Horn until Jones returned to the United States. It is also undisputed that on June 23, 2005, Jones commenced a one-year U. S. Army deployment to Korea to a location where his present wife and the daughter could have accompanied him, but that Jones elected to have his wife and the daughter remain at his residence in Dade County during his deployment. Jones argued that the divorce decree did not require that the child temporarily reside with Van Horn during his deployment to Korea because that provision of the decree was triggered only if the U. S. Army did not allow the child and his present family to accompany him, not if he elected not to take them. The record shows that at a temporary hearing held on June 23, 2005, an attorney appeared on behalf of Jones and agreed to an order entered by the trial court granting temporary legal custody of the daughter to Van Horn pending a final hearing. While Jones was temporarily in Dade County on U. S. Army leave, the trial court held a final hearing on the change of custody petition on December 22, 2005. No transcript of that hearing was included in the record on appeal. Nevertheless, as the sole basis for its January 3, 2006 order changing custody and awarding permanent custody of the daughter to Van Horn, the trial court found that the divorce decree provided that the daughter would reside with Van Horn during Jones's deployment to Korea, and "for that reason the Court hereby awards permanent legal custody of said child to [Van Horn]."

A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last

companion appeals for consideration in this opinion.

custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. If the record contains any reasonable evidence to support the trial judge's decision on a petition to change custody, it will be affirmed on appeal. Although trial courts have wide discretion in change of custody proceedings, that discretion is not without limits.

(Citations omitted.) *Durham v. Gipson*, 261 Ga. App. 602, 605 (583 SE2d 254) (2003). Generally, where there is no transcript of the proceedings or statutorily authorized substitute, we will presume that the evidence supported the trial court's ruling. *Bonds v. Bonds*, 241 Ga. App. 378 (527 SE2d 215) (1999). But in the present case, the only "change of condition" stated as a basis for the trial court's decision to change custody was the court's finding that the prior divorce decree provided that the child would temporarily reside with Van Horn if the child did not accompany Jones during his deployment to Korea. The record shows that, at the time of the court's final order permanently changing custody, Jones was six months into a one-year deployment to Korea, and the child had been residing with Van Horn during the deployment pursuant to the temporary custody order consented to by Jones. Not only is the court's order based on a purported "change of condition" which had not occurred, the court made no finding that any change occurred which substantially affected the welfare and best interest of the child. We find that, on its face, the order does not state a basis upon which the trial court could exercise its discretion to change custody. *Johnson v. Hubert*, 175 Ga. App. 169, 170 (333 SE2d 21) (1985); *Elders v. Elders*, 206 Ga. 297, 299 (57 SE2d 83) (1950). As we held in *Johnson*, supra, there may have been evidence presented in the trial court sufficient to support a change of custody, but we are unable to make that determination in the absence of a transcript. Id. at 170. Accordingly, we reverse the order changing custody and remand this case to the trial court for application of the law to the facts in a manner consistent with this opinion. Id.

2. We find no merit to Jones's contention that the trial court lacked personal jurisdiction over him because he was not personally served with the change of custody petition. We need not address the particulars of service, which the record shows was attempted pursuant to OCGA § 9-11-4 (e) (7) "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." Though Jones never filed a written response to the change of custody petition, the record shows that, after the attempted service, he appeared at the temporary hearing through his attorney and personally appeared at

the final hearing. Thus, Jones submitted himself to the jurisdiction of the court by these appearances and waived any claim to insufficiency of process or service of process. *Black v. Black*, 245 Ga. 281, 282 (264 SE2d 216) (1980); *Foltz v. Foltz*, 238 Ga. 193, 195 (232 SE2d 66) (1977); *Hap Farms, Inc. v. Heard*, 209 Ga. App. 684, 685-686 (434 SE2d 118) (1993). Moreover, nothing in the record shows that Jones preserved this claim for review on appeal, and we will not presume from a nonexistent transcript that the service issue was raised at the hearing and preserved for appeal. *Boles v. Lee*, 270 Ga. 454, 456 (511 SE2d 177) (1999).

3. Jones contends the trial court erred by not granting him a stay of the final hearing under the Servicemembers Civil Relief Act[4] (50 USC Appx. § 522) (the Act). In denying Jones's subsequent motion for a new trial, the trial court found that Jones did not move pursuant to the Act for a continuance of the final hearing. There is no transcript of the final hearing in the record, and we will not consider affidavits in support of this claim filed by Jones after the final hearing and after the trial court's custody order. *King v. Irvin*, 273 Ga. App. 64, 67, n. 7 (614 SE2d 190) (2005). Moreover, an application for a stay under the Act must include the following information:

> A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear(; and) (a) letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

(Citation omitted.) Id. at 67; 50 USC Appx. § 522 (b) (2). Even if we presume that Jones requested a continuance under the Act, there is nothing in the record showing that he included the necessary information with the request. Accordingly, we find no error. *King*, 273 Ga. App. at 67.

4. Jones contends the trial court should have stayed the proceedings because Van Horn's change of custody petition did not contain all the information required by OCGA § 19-9-69 (a) of the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.). Subsection (a) of OCGA § 19-9-69 provides:

---

[4] Formerly known as the Soldiers' and Sailors' Civil Relief Act.

In a child custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five years, and the names and present addresses of the persons with whom the child has lived during that period. The pleading or affidavit must state whether the party: (1) Has participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody of or visitation with the child and, if so, identify the court, the case number, and the date of the child custody determination, if any; (2) Knows of any proceeding that could affect the current proceeding, including proceedings for enforcement and proceedings relating to family violence, protective orders, termination of parental rights, and adoptions and, if so, identify the court, the case number, and the nature of the proceeding; and (3) Knows the names and addresses of any person not a party to the proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the child and, if so, the names and addresses of those persons.

Subsection (b) of OCGA § 19-9-69 provides: "If the information required by subsection (a) of this Code section is not furnished, the court, upon motion of a party or its own motion, may stay the proceeding until the information is furnished." Jones does not contend that Van Horn withheld information which would have provided cause for a continuance, and nothing in the record shows that Jones moved for a continuance because the petition did not contain all the information required by OCGA § 19-9-69 (a). There is no transcript of the final hearing, so we do not know if evidence was produced at the hearing concerning the required information. There is no evidence in the record that the trial court abused its discretion under OCGA § 19-9-69 (b) by not staying the proceedings on its own motion until more information was furnished. We find no error.

5. Jones contends that the Lookout Mountain Judicial Circuit violated his due process rights under the United States Constitution because the judges and clerk of the superior court refused to comply with Uniform Superior Court Rules pertaining to assignment of cases to judges. According to Jones, assignment of cases to judges "is not governed by law but by luck of the draw." Jones does not cite to any specific rule or law he claims was violated, does not provide any substantial argument in support of the claim, and does not cite to anything in the record supporting the substance of the claim or

showing that the claim was raised in the trial court and preserved for appellate review. We consider this claim abandoned. Court of Appeals Rule 25 (c) (2).

*Judgment reversed in Case Nos. A06A2467 and A07A0057 and case remanded. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 29, 2006.

*Joseph E. Willard, Jr.,* for appellant.
*John R. Emmett,* for appellee.