## A07A1304. BLOODSOE v. SIMMONS et al.
(651 SE2d 534)

MILLER, Judge.

Ambrose and Jenny Simmons entered into a contract with Willie Bloodsoe for an extensive renovation of their Atlanta residence. In July 2006, the Simmonses filed a complaint against Bloodsoe seeking damages for breach of contract and negligence, alleging that Bloodsoe failed to timely perform thereunder. A jury awarded the Simmonses $114,500 in damages, and Bloodsoe appeals pro se, contending that the trial court erred: (i) in entering judgment on the jury's verdict; (ii) in entering judgment for the Simmonses under an Indiana law denominated the "Home Improvement Contract Act; (iii) in refusing to dismiss the complaint based upon insufficient service of process; and (iv) in admitting the pretrial order and certain subcontractor permits into evidence. Finding that Bloodsoe's claims of error have been abandoned on appeal or are unsupported by a transcript of the proceedings below, we affirm.

On appeal, we must affirm the jury's verdict if any evidence supports it, and we must construe the evidence in a light most favorable to the prevailing party. *Edwards v. Sabat*, 263 Ga. App. 852 (589 SE2d 618) (2003).

1. Bloodsoe challenges service of process, arguing that he did not receive service of the summons. Such claim to the contrary notwithstanding, the record shows the sheriff's entry of service of process by "leaving a copy of the action *and* summons" with Bloodsoe's wife at the couple's residence. Accordingly, the instant claim of error is without merit. Even were this not true, Bloodsoe has abandoned this claim of error by his appellate brief for lack of citation of authority or argument. Court of Appeals Rule 25 (c) (2).

---

Neither is there a transcript before this Court affirmatively showing that an objection regarding insufficient service of process was interposed at trial.

> A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed. It cannot be presumed from a silent or non-existent transcript of a hearing below that a proper objection was interposed, and hence we must conclude [such] enumerations are waived.

(Footnotes omitted.) *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

2. Given the absence of a transcript of the proceedings below, Bloodsoe's claims with respect to the trial court's judgment on the jury's verdict, its judgment on Indiana's Home Improvement Contract Act, and its rulings as to the admissibility of evidence, are also waived as set forth in Division 1 above. *Boles*, supra, 270 Ga. at 455 (1).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 5, 2007.

Willie Bloodsoe, *pro se.*
Ambrose Simmons, *pro se.*
Jenny L. Simmons, *pro se.*