## A09A2396. HUDSON v. EASTERLING.

(687 SE2d 163)

MIKELL, Judge.

Wesley Hudson appeals from the trial court's order granting the petition for modification of their divorce decree filed by Hope Easterling, his former wife. Hudson argues that the court lacked personal jurisdiction over him due to insufficient service of process and that the court's order went beyond the relief requested in the petition. We affirm the judgment of the trial court.

Hudson and Easterling[1] were divorced pursuant to a final judgment and decree of divorce entered September 12, 2007, in DeKalb County Superior Court (Civil Action File No. 06-CV-6141-8). Easterling was granted sole physical and legal custody of the couple's older child, a daughter; and both parties were given joint physical and legal custody of their younger child, a son.

On December 27, 2007, Easterling filed a petition for contempt against Hudson, alleging that he had violated several visitation provisions of the original divorce decree and that he was behind in child support payments. On October 10, 2008, while the contempt petition was still pending, Easterling filed a petition for modification of visitation (Civil Action File No. 08-CV-11180-8), in which she sought permission for their son to attend a new elementary school. Hudson did not receive service of process of the modification petition, however, because an incorrect address had been entered on the summons. Hudson filed no response to the modification petition.

On May 7, 2009, pursuant to notice,[2] a hearing took place on both the contempt petition and the modification petition. No transcript of this hearing was included in the record on appeal. Following the hearing, the court entered an order in both matters. The court dismissed Easterling's petition for contempt, and then addressed Easterling's petition for modification.

Basing its order upon sworn testimony from the parties adduced at the May 7 hearing, and upon the agreement of the parties as to custody, the trial court (1) ordered a modification of the son's custody, so that he would reside with each parent on alternating weeks; (2) ordered Hudson to transfer title to a 1993 Mercedes automobile to the daughter; (3) continued joint legal custody; and (4) directed that the son remain in his current elementary school until he graduated in May 2010, and ordered the parties to "discuss and agree" upon his next school. Hudson appeals, contending that the trial court erred in granting Easterling's modification petition.

---

[1] Appellee Easterling did not file a brief on appeal.

[2] The notice of hearing, entered April 15, 2009, was directed to Hudson's correct address.

1. We find no merit to Hudson's contention that the trial court lacked personal jurisdiction over him because he was not personally served with the modification petition. Though Hudson never filed a written response to the modification petition, the trial court's order indicates that he personally appeared at the hearing on the modification petition. Nothing in the record shows that Hudson raised the issue of insufficient service of process at that time. Thus, Hudson submitted himself to the jurisdiction of the court and waived any claim to insufficiency of service of process.[3] Further, the record before us gives no indication that Hudson preserved this claim for review on appeal, and "we will not presume from a nonexistent transcript that the service issue was raised at the hearing and preserved for appeal."[4]

2. Hudson contends that the trial court erred in granting relief beyond that requested in Easterling's petition for modification, specifically in modifying custody arrangements and in ordering the transfer of title to the 1993 Mercedes. However, Hudson has pointed to nothing in the record to show that he interposed at the hearing any objection to the relief granted by the court. Moreover, the court's order indicates that Hudson agreed to the relief granted, at least as to the change in custody. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed."[5] In the absence of a transcript in the record affirmatively showing that Hudson interposed at the hearing an objection to the relief granted in the trial court's order, we must conclude that Hudson waived consideration of this enumeration on appeal.[6]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2009.

*Christopher T. Adams*, for appellant.
Hope Easterling, *pro se*.

---

[3] See *Foltz v. Foltz*, 238 Ga. 193, 194-195 (2) (232 SE2d 66) (1977). Accord *Jones v. Van Horn*, 283 Ga. App. 144, 146-147 (2) (640 SE2d 712) (2006).

[4] (Citation omitted.) *Jones*, supra at 147 (2). Accord *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999); *Bloodsoe v. Simmons*, 287 Ga. App. 423, 424 (1) (651 SE2d 534) (2007).

[5] (Footnote omitted.) *Boles*, supra.

[6] See *Boles*, supra; *Bloodsoe*, supra at 424 (2).