A11A0062. CAPITAL LAND USA, INC. et al. v. MITSUBISHI
MOTORS CREDIT OF AMERICA, INC.
(706 SE2d 590)

MIKELL, Judge.
Appellee Mitsubishi Motors Credit of America, Inc. ("MMCA"), filed the underlying action against appellants Capital Land USA, Inc. ("Capital Land"), and Nassrollah Hakimi, alleging that Capital Land defaulted under its loan agreement with MMCA, and that Hakimi, as guarantor of Capital Land's obligations under the loan agreement, failed to pay Capital Land's indebtedness. Appellants answered and counterclaimed. MMCA moved for summary judgment as to all of its claims and as to all of appellants' counterclaims. After a hearing, the trial court granted summary judgment in favor of MMCA and awarded it $103,141.54 in principal, $12,345.56 in accrued interest, and $90,805.29 in attorney fees. Appellants challenge the trial court's ruling, asserting that the grant of summary judgment to MMCA was error and that the award of attorney fees was unreason-

---

able under OCGA § 13-1-11. We affirm.

The record reflects that MMCA, a Delaware corporation with its principal place of business in California, provides financing to car dealerships. In November 2007, MMCA and Capital Land, a car dealership, entered into a Motor Vehicle Inventory Loan and Security Agreement (the "Loan Agreement"). Contemporaneously, Hakimi executed a guaranty in favor of MMCA, guaranteeing timely payment of Capital Land's indebtedness under the Loan Agreement in the event of default. In December 2008, Capital Land defaulted under the Loan Agreement by failing to make timely payments, and Hakimi defaulted under the guaranty by failing to pay Capital Land's indebtedness. The total outstanding indebtedness at the time of default was $673,063.48.

In December 2008 MMCA sued Capital Land and Hakimi for breach of their respective agreements. MMCA was able to mitigate its damages by selling the collateral securing the loan, thereby reducing the outstanding balance to $115,487.10. On February 4, 2009, appellants filed an answer and counterclaim, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, gross negligence, and intentional waste of Capital Land's assets. In January 2010, MMCA moved for summary judgment and filed a supporting affidavit. Appellants, whose counsel had been permitted to withdraw in October 2009, did not respond to the motion or submit any evidence contradicting the evidence submitted by MMCA. In April 2010, appellants obtained new counsel, and a hearing was held on MMCA's motion for summary judgment. MMCA subsequently filed another affidavit in support of its claim for attorney fees. On June 10, 2010, the trial court entered the order from which appellants appeal.

1. Appellants challenge the grant of summary judgment in favor of MMCA on its claims of breach of contract and breach of guaranty, contending that the trial court should have considered appellants' pro se status and that appellants' counterclaim raises "solid issues of fact." However, appellants have failed to preserve this enumeration of error for our review.

Appellants assert that they have preserved this error "by oral argument on April 14, 2010," and by filing an answer and counterclaim. We assume that appellants are referring to the hearing on MMCA's summary judgment motion, which actually took place on April 21, 2010. Appellants elected not to include a transcript of this hearing in the record on appeal. "The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and

must be affirmed."[1] Appellants filed no brief in the trial court in opposition to MMCA's motion, and in the absence of a hearing transcript, we cannot determine which issues appellants actually raised in the court below.[2] It is well established that this Court is "limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level."[3]

Moreover, "[appellants] may not rest on general allegations in response to [MMCA's] motion for summary judgment, but must come forward with specific facts to show there is a genuine issue for trial."[4] In their appellate brief, appellants have failed to point with specificity to any fact issue raised by their counterclaim. Thus, this enumeration of error fails.[5]

2. Appellants contend that the trial court erred in granting summary judgment to MMCA on all of appellants' counterclaims, asserting that testimony at trial would raise issues of fact. But appellants have failed to support this enumeration of error with argument or citations of authority, so it is deemed abandoned.[6] Further, in the absence of a transcript of the hearing on MMCA's motion, we cannot tell whether this argument was raised in the trial court. Accordingly, for the reasons set forth in Division 1 above, appellants have waived consideration of this enumeration of error on appeal.[7]

3. Appellants challenge the award of attorney fees to MMCA. Appellants argue, first, that the award exceeded that allowed as "reasonable attorney fees" under OCGA § 13-1-11 (a) (2); and, second, that the affidavit submitted by MMCA in support of the award was insufficient. For the reasons set forth in Division 1 above, appellants have waived appellate review of this enumerated error. The record contains no indication that appellants raised this issue or made these arguments before the trial court, and this Court cannot hear arguments raised for the first time on appeal.[8] Further, appellants had ample opportunity to challenge the award of attorney fees

[1] *Nyass v. Tilahun*, 281 Ga. App. 542, 544 (2) (636 SE2d 714) (2006).

[2] See id. Accord *Steve A. Martin Agency v. PlantersFIRST Corp.*, 297 Ga. App. 780, 784 (2) (678 SE2d 186) (2009) (in absence of transcript, appellate court could not consider argument which appellant did not raise in brief before trial court).

[3] (Punctuation and footnote omitted.) *AKA Mgmt. v. Branch Banking &c. Co.*, 275 Ga. App. 615, 619 (2) (a) (621 SE2d 576) (2005).

[4] *Latson v. Boaz*, 278 Ga. 113, 115-116 (598 SE2d 485) (2004), citing *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). See OCGA § 9-11-56 (e).

[5] See *Latson*, supra at 114, 115.

[6] See Court of Appeals Rule 25 (c) (2).

[7] See *Hudson v. Easterling*, 301 Ga. App. 207, 208 (2) (687 SE2d 163) (2009).

[8] See *Steve A. Martin Agency*, supra; *AKA Mgmt.*, supra.

in this case. The summary judgment hearing was held on April 21, 2010; MMCA filed its affidavit in support of attorney fees on April 28, 2010; and the trial court's ruling was not entered until June 10, 2010. Although appellants had more than a month to raise these issues in the trial court, they failed to challenge either the amount or the reasonableness of the award before the trial court. Thus, appellants acquiesced in the trial court's procedure and cannot complain of the award of attorney fees on appeal.[9]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 23, 2011.

*S. Robert Hahn, Jr.*, for appellants.
*Kilpatrick Stockton, Burleigh L. Singleton, Andrew C. Brandon*, for appellee.

