A10A1620. GOVERNOR'S TOWNE CLUB, INC. v. J. W. THOMASON, INC.
(706 SE2d 602)

DOYLE, Judge.
This case arises from entry of a judgment of special lien and default judgment filed by J. W. Thomason, Inc. ("Thomason") against Governor's Towne Club, Inc., f/k/a Governor's Club, Inc. ("the Club") for concrete forming work performed by Thomason in the Club's common area.

The Club argues that the trial court erred by awarding judgment for a special lien and for default judgment based upon substituted service because Thomason's affidavit filed pursuant to OCGA § 14-11-209 (f) was defective. We agree and reverse.[1]

OCGA § 14-11-209 (f) states that

> [w]henever a limited liability company shall fail to appoint or maintain a registered agent in this state or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such limited liability company upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her

---

[9] See *Murray v. DeKalb Farmers Market*, 305 Ga. App. 523, 526 (2) (699 SE2d 842) (2010).
[1] Based on this conclusion, we do not reach the Club's second enumeration of error.

or with any other person or persons designated by the Secretary of State to receive such service two copies of such process, notice, or demand. The plaintiff or his or her attorney shall certify in writing to the Secretary of State that the limited liability company failed either to maintain a registered office or appoint a registered agent in this state and *that he or she has forwarded by registered or certified mail or statutory overnight delivery such process, notice, or demand* to the most recent registered office listed on the records of the Secretary of State and that service cannot be effected at such office.[2]

The Club contends that Thomason's affidavit sworn by Thomason's attorney, Andrew A. Lewis, was defective because Lewis failed to certify that he forwarded the service of process to the Club via "registered or certified mail or statutory overnight delivery. . . ."[3] Instead, Thomason's affidavit merely states that he "properly sent" a summons to the Club at the last known address of its registered agent, referring to an attached sheriff's entry of service that states only that the summons was forwarded via first-class mail, not registered or certified mail or statutory overnight delivery, to the registered agent's last known address. Whether the copy of the summons and complaint was "properly sent," however, is a conclusion to be drawn based on the evidence presented in the affidavit, which does not support a finding here that Thomason forwarded service via registered or certified mail or statutory overnight delivery. Thus, the affidavit was defective at the time that it was certified to the Secretary of State, and the requirements of OCGA § 14-11-209 (f) were not fulfilled when Thomason attempted substituted service.[4]

Thomason argues that at the hearing on the motion for default judgment, which was not recorded, the trial court found that Thomason had complied with the requirements of OCGA § 14-11-209 (f). Although normally the trial court is presumed to act correctly under the law in the absence of a transcript of a hearing,[5] because in this case the affidavit was facially defective at the time it was served on the Secretary of State, the trial court erred by finding otherwise.[6]

---

[2] (Emphasis supplied.)

[3] OCGA § 14-11-209 (f). Compare with *Anthony Hill Grading, Inc. v. SBS Investments, LLC*, 297 Ga. App. 728, 730-731 (1) (678 SE2d 174) (2009) (holding that the trial court did not err by granting the motion to set aside default on the basis that the plaintiff failed to strictly comply with OCGA § 14-11-209 (f)).

[4] See *Gamlins, Solicitors & Notaries v. A. E. Roberts & Assocs. Inc.*, 254 Ga. App. 763, 765 (2) (a) (564 SE2d 29) (2002).

[5] See, e.g., *Hudson v. Easterling*, 301 Ga. App. 207, 208 (1) (687 SE2d 163) (2009).

[6] See *Anthony Hill Grading, Inc.*, 297 Ga. App. at 730-731 (1); *Gamlins, Solicitors &*

*Judgment reversed. Ellington, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 24, 2011.

*Scott M. Stevens*, for appellant.
*Dietrick, Evans, Scholz & Williams, John A. Williams, Riley, Rosner & McLendon, Donald R. Hicks, Daniel J. Weber*, for appellee.

---

*Notaries*, 254 Ga. App. at 765 (2) (a).