# Court of Appeals
# of the State of Georgia

ATLANTA, November 14, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0562. HERMAN-MITCHELL CHARLES PROSPER et al. v. CATAMOUNT PROPERTIES 2018, LLC.**

This dispossessory proceeding was transferred from magistrate court to superior court, which then granted summary judgment to, and issued a writ of possession in favor of, Catamount Properties 2018, LLC, in January 2023. Herman-Mitchell and Marylin Prosper appealed, and we affirmed in an unpublished opinion. See *Prosper v. Catamount Properties 2018*, Case No. A23A0982 (Aug. 29, 2023). The Prospers thereafter filed a petition for a writ of certiorari with the Supreme Court of Georgia, which dismissed the petition as untimely. See *Prosper v. Catamount Properties 2018*, Case No. S24C0480 (Apr. 16, 2024). After the Supreme Court's remittitur issued, the superior court re-issued a writ of possession in July 2024. The Propsers then filed a notice of appeal directed to the Supreme Court, which transferred the matter to this Court. See *Prosper v. Catamount Properties 2018*, Case No. S25A0059 (Sept. 17, 2024). We lack jurisdiction.

It is axiomatic that an appeal will not lie from a superior court order that, in effect, does no more than simply enter an order of an appellate court as an order of the superior court following a prior appeal. In this situation, there is no new superior court ruling to appeal, and the Prospers' current appeal essentially seeks an impermissible second appeal of the superior court orders at issue in Case No. A23A0982. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be

relitigated *ad infinitum.*") (citation and punctuation omitted); see also generally *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural default fatal to his appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citations and punctuation omitted). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction.

In their notice of appeal, the Prospers seek a stay of the writ of possession based on purported newly discovered evidence. Given our dismissal of this appeal, the request for a stay is hereby DENIED as moot. If, as the Prospers appear to suggest, newly discovered evidence may bear on the superior court's issuance of a writ of possession, any request related to such evidence should be directed to the superior court in the first instance. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) ("This Court is an appellate court for the correction of errors of law made by the trial court, which have as their bases specific rulings made by the trial court.") (citation and punctuation omitted); see also generally *Capital Land USA v. Mitsubishi Motors Credit of America*, 308 Ga. App. 71, 73-74 (3) (706 SE2d 590) (2011) (this Court generally will not consider arguments raised for the first time on appeal).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,    11/14/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*