4508.  KIRBY v. JOHNSON COUNTY SAVINGS BANK.

HILL, C. J.  1. The trial judge did not abuse his discretion in refusing to postpone the trial of the case on account of the absence of counsel, who was engaged in a trial in another circuit, and who was absent without leave.  Continuances or postponements on such grounds are not favored.  *Kennedy* v. *Dukes,* 137 *Ga.* 209 (73 S. E. 400).

2. "The holder of a note is presumed to be such bona fide, and for value." Civil Code (1910), § 4288.

3. The note sued on by the holder as indorsee was made payable to the order of Inter-State Manufacturing Company, and on the back of it was the following indorsement: "Pay to the order of Johnson Co. Savings Bank, Iowa City, Iowa. Inter-State Mfg. Co. By C. H. Dayton, Mgr." *Held,* sufficient to pass title to the note, unless the indorsement be denied by a sworn plea of non est factum.  Civil Code (1910), § 4299; *Sheffield* v. *Johnson County Savings Bank,* 2 *Ga. App.* 221 (58 S. E. 386); *Cedar Rapids Nat. Bank* v. *Beckham,* 6 *Ga. App.* 571 (65 S. E. 359).

4. Where a plea in abatement is filed, the better practice is to hear this plea first.  In the present case, however, it was harmless error to submit to the jury, along with the merits of the defense, the issue made by the plea in abatement, as the evidence demanded a finding against the latter plea.  Mere filing of a petition, without service, is not sufficient to constitute a pending suit.  Civil Code (1910), § 5678; *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152).

5. The evidence demanded the verdict on the merits of the case for the plaintiff, as directed by the trial judge.     *Judgment affirmed.*
DECIDED JANUARY 22, 1913.

Complaint; from city court of Carrollton—Judge Beall. September 28, 1912.

*J. S. James, R. W. Adamson,* for plaintiff in error.
*Buford Boykin,* contra.