## 35147. TEAGUE v. FIRST BANK & TRUST COMPANY.

MARSHALL, Justice.

The First Bank & Trust Company brought suit against James Teague in the State Court of Cobb County to recover sums allegedly due under a promissory note, secured by a mortgage and deed to secure debt held by the bank. Subsequently, Teague filed suit against the bank in the Cobb Superior Court, arguing that the bank had acted fraudulently and in breach of fiduciary duty in applying certain monies to the mortgage held by the bank, which was a second mortgage on Teague's property. Teague alleged that the bank had agreed with him to first apply these monies to the indebtedness of the first mortgage, but the bank had not done so. Teague further alleged that the bank's failure to do this caused the first mortgage to go into default and be foreclosed; wherefore, he requested that he be awarded actual and punitive damages against the bank. Teague also requested that the state court suit be enjoined and that the issues presented in that suit be consolidated for decision in the superior court suit. Upon a consideration of the pleadings and briefs submitted by the parties, the superior court dismissed Teague's complaint. He appeals. We affirm.

In the present case, Teague does not seek any affirmative equitable relief. Rather, he seeks damages for

fraud, breach of fiduciary duty, and, arguably, breach of contract. Although the State Court of Cobb County is unquestionably without equitable jurisdiction, it does have jurisdiction to award monetary damages for fraud where affirmative equitable relief is not being sought. *Holder v. Brock,* 129 Ga. App. 732 (1) (200 SE2d 912) (1973). Since the state court has jurisdiction over Teague's claim for damages against the bank, and since this claim arose out of the same transaction that is the subject matter of the claim being asserted by the bank against Teague in state court, it is a compulsory counterclaim which Teague is required to raise in the state court suit. Code Ann. § 81A-113 (a) (Ga. L. 1966, pp. 609, 625). Teague can not avoid the necessity of litigating this claim in state court by bringing another suit in superior court. *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125) (1968) and cits.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 20, 1979 — DECIDED SEPTEMBER 26, 1979.

*Grubbs & Grubbs, Adele P. Grubbs, J. Milton Grubbs,* for appellant.

*Downey, Cleveland & Moore, Lynn A. Downey, Joseph C. Parker,* for appellee.