## 37640. BEDINGFIELD v. BEDINGFIELD.

Marshall, Justice.

The appellant-wife sued the appellee-husband in Forsyth Superior Court for divorce, child custody, and support for herself and their two minor children. The husband's answer denied the allegation that the marriage was irretrievably broken, and prayed that a divorce be denied, but that, if it be granted, custody and support be decided in accordance with the children's best interest.

The trial judge orally granted child custody to the wife with visitation rights to the husband. Before this order was filed, the wife voluntarily dismissed her divorce petition, and took the children to Florida, not permitting the husband to see or communicate with them thereafter. The trial court then granted the husband's motion

to set aside the wife's dismissal of her petition as it related to the visitation rights granted him by the temporary order. (The wife's attempted appeal from this order was dismissed by this court for failure to file an application for interlocutory review. *Bedingfield v. Bedingfield,* 246 Ga. 822a (—— SE2d ——) (1980)).

Thereafter, the husband sued in Forsyth Superior Court for divorce, permanent child custody, child support and alimony. The trial court entered an order denying the wife's motion to dismiss the husband's petition on the ground of the pendency of her divorce suit, and, like the previous temporary order, granting child custody to the wife and visitation rights to the husband in the husband's suit. It is from this order the wife appeals. *Held:*

The appellant-wife argues that the husband's divorce action was barred by the provisions of Code § 3-601, viz.: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." In order for this Code section to be applicable, however, the parties must occupy the same status in both suits. *Tinsley v. Beeler,* 134 Ga. App. 514 (1) (215 SE2d 280) (1975). See also *Steele v. Steele,* 243 Ga. 522 (2) (255 SE2d 43) (1979). The parties to the present appeal occupied a different status in the two suits, making that Code section inapplicable.

The husband's suit was subject to the wife's motion to dismiss, however, under the provisions of Code § 3-607: "A former recovery, or *the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction,* shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." (Emphasis supplied.) The cases cited by the husband to support his contention that the two suits could be maintained separately, are distinguishable in that none of them involved the simultaneous maintenance of two divorce actions. See *Shepherd v. Shepherd,* 236 Ga. 425 (223 SE2d 818) (1976); *Weems v. Weems,* 225 Ga. 19 (165 SE2d 733) (1969); *Moody v. Moody,* 193 Ga. 699 (5) (19 SE2d 504) (1942); *Banks v. Banks,* 149 Ga. 517 (101 SE 114) (1919). Accordingly, the trial court erred in denying the wife's motion to dismiss the husband's suit and in granting temporary orders thereunder.

The husband is not necessarily prejudiced by his inability to maintain his separate action, however, inasmuch as the rights erroneously granted thereunder are essentially the same as those

already granted in the wife's pending action. Furthermore, the trial court may still allow the husband's prayers for relief to be filed as a counterclaim in her pending action. See *Adderholt v. Adderholt,* 240 Ga. 626 (1) (242 SE2d 11) (1978) and cits.

*Judgment reversed. Jordan, C. J., Hill, P. J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Robert Strickland, Jr.,* for appellant.
*Henry Angel,* for appellee.