## A98A1659. HOOPER v. HARRIS et al.
### (512 SE2d 312)

SMITH, Judge.

Dennis R. Hooper, a state prison inmate, filed this civil action for damages against the sheriff and other officials of Paulding County. Hooper alleged that certain personal property was taken from him at the time of his arrest and never returned. He sought $60, which he

contends was the value of the unidentified property. The trial court found the litigation frivolous and dismissed it in an order entered October 1, 1997. Hooper's application for a discretionary appeal from the dismissal was dismissed as untimely. While his motion for reconsideration was pending in this court, Hooper filed in the trial court an "Extraordinary Motion to Set Aside Final Judgment."

After reconsideration of the dismissal of Hooper's application for discretionary appeal was denied by this court, the trial court entered an order on January 15, 1998, reciting as follows: "Defendant continues to ignore the orders of this Court, in particular the order of October 1, 1997. Any pleadings filed in any of defendant's numerous pro se cases have already been ruled on at least once, and any pleading[s] filed after October 1, 1997, are deemed null and void by operation of law." Hooper again applied for a discretionary appeal, which was granted. His notice of appeal specifies that he appeals from both the order entered denying his "Motion for Return of Personal Property" and the order addressing his "Extraordinary Motion to Set Aside Judgment," and it references both his civil action number and his criminal case number. For the reasons that follow, we do not consider Hooper's appeal from the order denying his motion for the return of personal property. With regard to the order entered January 15, 1998, we conclude it must be vacated and remanded to the trial court with direction.

1. Hooper filed the "Motion for Return of Personal Property" in his criminal case, the direct appeal of which has been completed. *Hooper v. State*, 223 Ga. App. 515 (478 SE2d 606) (1996). The trial court reviewed Harris's claim in the criminal case and inquired into the facts, concluding that no property belonging to Harris was being held by any of the defendant officials. This is reflected in an order entered in the criminal case on July 22, 1997. Hooper did not appeal this order, but instead later raised the same claim in a civil action. This is impermissible. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. Hooper is faced with an unappealed ruling that no property was taken when he was arrested. This ruling is res judicata, and Hooper therefore is estopped to seek return of that property in any other court action involving these defendants. We cannot review Hooper's contentions with regard to the merits of the trial court's denial of his motion for return of personal property, and the civil action stands dismissed.

2. Hooper contends that because he claimed newly discovered evidence, the trial court should have held an evidentiary hearing on his extraordinary motion to set aside the judgment in this civil

action. This contention is without merit. Because Hooper did not allege lack of jurisdiction or fraud, accident, or mistake, his motion to set aside the judgment must be predicated upon a nonamendable defect appearing on the face of the record or pleadings. OCGA § 9-11-60 (d) (3). Although Hooper attached a list of documents to his motion, the documents themselves are not in the motion or even in the record of the civil action, and nothing indicates that these documents were "newly discovered" or that they show that the judgment was in error. The trial court was not required to hold an evidentiary hearing to develop this evidence. See *Gulf Oil Co. v. Mantegna*, 167 Ga. App. 844, 846 (2) (307 SE2d 732) (1983).

3. Hooper contends that the restrictions imposed by the trial court on his court filings violated his rights to free speech and access to the courts guaranteed under the First and Fourteenth Amendments to the United States Constitution. In the October 1, 1997 order dismissing Hooper's civil action, the trial court found that "it appears all civil litigation by plaintiff is solely for the purpose of harassment, causing unnecessary litigation and abusive litigation against anyone involved in his criminal prosecution. All conceivable actions arising out of plaintiff's stalking and aggravated stalking conviction have now been thoroughly aired and any future such actions shall be deemed frivolous litigation under OCGA § 9-15-14. The Clerk of Court is directed not to file any future pleadings submitted by plaintiff." Hooper has not appealed from this order; it is not enumerated in the notice of appeal. Hooper's claim therefore must be predicated upon the order entered January 15, 1998, which is set out above, which renders "any pleadings," both previously filed and filed in the future, to be "deemed null and void by operation of law." Although the trial court's frustration with Hooper's so far meritless litigiousness is understandable, we must agree with Hooper that this order is overbroad.

The problems created for our courts by creative and overly litigious prison inmates have been recognized both by the federal courts and by the courts of this state. See, e.g., *Procup v. Strickland*, 792 F2d 1069 (11th Cir. 1986); *Howard v. Sharpe*, 266 Ga. 771 (470 SE2d 678) (1996). Our legislature has also addressed this problem and has enacted the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 through § 42-12-9, in response. This legislation provides for assessing costs and attorney fees against inmate accounts for frivolous litigation. But the Constitution forbids courts to abridge inmates' rights to have meaningful access to and communications with the courts, or to contest through habeas corpus proceedings the legality of their convictions or the constitutionality of prison conditions. An order that bars "adequate, effective and meaningful access to the courts" is unconstitutional. *Howard*, supra at 772 (1). Orders restricting any

inmate's access to the courts must be carefully and narrowly drawn to avoid unjustifiable limitations and must clearly be warranted by the particular circumstances. Id. at 773.

In this case, some limitation is clearly warranted by Hooper's past behavior involving frequent and frivolous filings. Nevertheless, a blanket declaration that all filings are "null and void by operation of law" is impermissible.[1] Any future filings unrelated to the present claim must be reviewed on a case-by-case basis. The order entered January 15, 1998 is therefore vacated, and this case is remanded to the trial court to enter an order consistent with this opinion.

*Appeal dismissed in part, judgment vacated in part and case remanded with direction. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 10, 1999 —
RECONSIDERATION DENIED FEBRUARY 25, 1999.

Dennis Hooper, *pro se.*

*James R. Osborne, District Attorney, Vinson, Talley, Richardson & Cable, J. Glenn Richardson,* for appellees.

---

[1] In his special concurrence in *In re Law Suits of Anthony J. Carter,* 235 Ga. App. 551 (510 SE2d 91) (1998) (physical precedent only), Presiding Judge Pope offered several excellent suggestions for restraining vexatious litigants such as Hooper, without unlawfully restricting their rights. These include requiring that future suits be accompanied by several sworn affidavits or requiring that the litigant seek leave of court.