## A07A1950. JENKINS v. CREA.
### (656 SE2d 849)

MIKELL, Judge.

In this interlocutory appeal, Xavier Jenkins challenges the trial court's denial of his motion to dismiss John Crea's counterclaim. Jenkins contends that the trial court erred in refusing to dismiss the counterclaim because Crea had a prior pending action in Tift County. We agree and reverse.

On February 10, 2004, Jenkins and Crea were involved in an automobile collision in Tift County. Both were injured and allege that the other's negligence caused their respective injuries. On January 30, 2006, Crea sued Jenkins in Tift County. On February 9, 2006, before being served in the Tift County action, Jenkins filed the instant lawsuit against Crea in Harris County. Crea answered and counterclaimed in the instant action on March 8, 2006. Jenkins was served in the Tift County action on April 10, 2006. Jenkins subsequently moved to dismiss Crea's counterclaim in the instant action pursuant to the "prior action pending doctrine," OCGA § 9-2-5, because Crea's complaint already was pending in Tift County. The trial court denied the motion, finding that OCGA § 9-2-5 "does not apply . . . where the action . . . [is] a compulsory counterclaim" filed as a "result of the *Plaintiff* filing an action in Harris County." The court certified its order for immediate review.

On appeal, Jenkins contends that OCGA § 9-2-5 (a) and *McLain Bldg. Materials v. Hicks*[1] mandate that Crea's counterclaim be dismissed.[2] Crea argues that no authority exists mandating the dismissal of a counterclaim filed by a defendant who previously filed an action as a plaintiff in another venue based on the same events. The "prior action pending doctrine" provides that

[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same

---

[1] 205 Ga. App. 767 (423 SE2d 681) (1992).

[2] In his brief, Jenkins explains that he was forced to file a motion to dismiss Crea's counterclaim because Crea refused to consent to a consolidation of the two cases in Tift County; Jenkins did not want to risk using up one of the permissible dismissals without prejudice allowed under OCGA § 9-11-41 (c). Jenkins further states in his brief that if Crea's counterclaim is dismissed, he will dismiss the instant action without prejudice and proceed with his claims as part of the counterclaim he filed against Crea in the Tift County action.

party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.[3]

An action is not a pending suit until service is perfected.[4] However, once service is made or waived, it relates back to the date of filing, which establishes the date the action is commenced.[5] Additionally, in order for the doctrine to apply, the parties must occupy the same status in both suits.[6] In *McLain*,[7] relied on by Jenkins, we found that the requirement for an identity of parties must be viewed in relation to the duplicative actions.[8] In that case, appellees sued appellant in Rockdale County. After being served in the Rockdale County action, appellant sued appellees in Fulton County, claiming $19,858.60 in monies owed. Appellant then filed an answer in the Rockdale County action and asserted a counterclaim for $19,858.60. Appellees filed a motion to dismiss the Fulton County action based on the pendency of the earlier-filed Rockdale County action. The trial court granted the motion and we affirmed as to appellee wife, finding that since appellant was plaintiff with respect to its counterclaim in the Rockdale County action as well as its claim in the Fulton County action, the required identity of parties was present.[9]

Crea contends that *McLain* is distinguishable because in that case, the lawsuit that was dismissed was actually brought by the party against whom dismissal was sought. Here, Crea did not file a second complaint in another forum; Jenkins filed this action in Harris County, thus forcing Crea to file a compulsory counterclaim in the forum chosen by Jenkins. Jenkins contends that contrary to Crea's contention, OCGA § 9-2-5 still mandates that only the first action shall proceed. By electing to continue to pursue service in the Tift County action — after being served with Jenkins's complaint in the instant action — Crea effectively chose Tift County as the venue to address his claims.

While we recognize the differences between this case and *McLain*, the record shows that the Tift County action commenced ten days before the Harris County action and that Crea's status with respect

[3] OCGA § 9-2-5 (a).

[4] *Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (2) (b) (642 SE2d 125) (2007).

[5] *Williams-East, Inc. v. Weeks*, 156 Ga. App. 861, 863 (4) (275 SE2d 801) (1981).

[6] *Bedingfield v. Bedingfield*, 248 Ga. 91, 92 (281 SE2d 554) (1981).

[7] Supra.

[8] Id. at 769 (1).

[9] Id.

to the counterclaim pending in Harris County is identical to his status as plaintiff in the Tift County action. Moreover, Crea's allegations in both actions are identical. While Crea's motivation for filing the counterclaim was reasonable considering that Jenkins had not yet been served in the Tift County action, the purpose of the prior action pending doctrine is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings.[10] Given Jenkins's assurances, as discussed in footnote 2, supra, the denial of his motion to dismiss Crea's counterclaim in the instant action was inconsistent with the purpose of OCGA § 9-2-5.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 11, 2008.

*Robert B. Langstaff, J. Hugh Gordon,* for appellant.
*Page, Scrantom, Sprouse, Tucker & Ford, J. Ronald Mullins, Jr., Travis C. Hargrove, Stanley L. Merritt, Jr.,* for appellee.

[10] See, e.g., *Wilson v. Atlanta &c. R. Co.,* 115 Ga. 171, 173-174 (41 SE 699) (1902); *Hose v. Jason Property Mgmt. Co. of Atlanta,* 178 Ga. App. 661, 662 (344 SE2d 483) (1986); *Dawson v. McCart,* 169 Ga. App. 434, 435 (1) (313 SE2d 135) (1984); *Schoen v. Home Fed. &c. Assn.,* 154 Ga. App. 68, 69-70 (267 SE2d 466) (1980).