### A09A1198. STEVE A. MARTIN AGENCY, INC. v. PLANTERSFIRST CORPORATION.
(678 SE2d 186)

JOHNSON, Presiding Judge.

Steve A. Martin Agency, Inc. appeals the Ben Hill County Superior Court's dismissal of its complaint. We find no error and affirm the dismissal.

The record shows that on December 5, 2007, PlantersFIRST sued Martin Agency in the Crisp County Superior Court to recover $17,451.90 for an overdrawn small business checking account. Martin Agency answered and filed a counterclaim on December 26, 2007. However, on December 12, 2007, prior to filing its answer and counterclaim in Crisp County Superior Court, Martin Agency sued PlantersFIRST in Ben Hill County Superior Court.

PlantersFIRST filed a motion to dismiss Martin Agency's complaint in Ben Hill County Superior Court, contending Martin Agency had asserted the same cause of action against PlantersFIRST as a

compulsory counterclaim in the prior pending action in Crisp County Superior Court. Following a hearing on PlantersFIRST's motion to dismiss, the trial court dismissed Martin Agency's complaint.

1. Georgia law clearly establishes that a plaintiff may not prosecute two actions in the courts at the same time for the same cause of action and against the same party, and if two such actions are commenced at different times, "the pendency of the former shall be a good defense to the latter."[1] Martin Agency contends the trial court erred in dismissing its complaint because there was no "pending" action in Crisp County when it filed the Ben Hill County case. According to Martin Agency, although the Crisp County case was filed on December 5, 2007, it was not served until March 13, 2008. Thus the pending date for the Crisp County case should be March 13, 2008. We disagree.

PlantersFIRST argues that it effectuated service earlier. However, the issue of whether service occurred prior to March 13, 2008 is immaterial in this case. While an action is not a "pending" suit until after service of process is perfected, when service is made it relates back to the date of filing, and the date of filing establishes the date the action is commenced.[2] Thus, once the suit is served, it is the commencement or filing of the complaint that determines which action is the prior action. Since there is no dispute that service of process was effectuated within the applicable statute of limitation in the December 5, 2007 Crisp County case, that case was the prior pending action even though the December 12, 2007 Ben Hill County case was filed prior to service in the Crisp County case.

Martin Agency argues issues of "due diligence," claiming PlantersFIRST's March 13, 2008 service was not timely because PlantersFIRST did not exercise due diligence in perfecting service. However, due diligence is not the proper standard to be applied in this case. The cases cited by Martin Agency discuss the issue of "due diligence" and "relation back" in the context of cases where either no service was ever perfected,[3] or where service was not perfected before the applicable statute of limitation expired.[4]

Here, the statute of limitation is not an issue, and there is no question that service was properly made. In such a case, "once

[1] OCGA § 9-2-5 (a).

[2] See *Jenkins v. Crea*, 289 Ga. App. 174, 175 (656 SE2d 849) (2008); *Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (2) (b) (642 SE2d 125) (2007).

[3] See *McClendon & Co. v. Hernando Phosphate Co.*, 100 Ga. 219 (28 SE 152) (1897); *Plumlee v. Davis*, 221 Ga. App. 848, 851 (1) (473 SE2d 510) (1996); *Cherry v. Gilbert*, 124 Ga. App. 847 (186 SE2d 319) (1971); *Kirby v. Johnson County Savings Bank*, 12 Ga. App. 157 (76 SE 996) (1913).

[4] See *Pryor v. Douglas Shopper &c.*, 236 Ga. App. 854, 857-858 (2) (514 SE2d 59) (1999).

service is made or waived, it relates back to the date of filing."[5] While some cases use the phrase "appropriate service,"[6] and at least one case uses the phrase "within a reasonable time period,"[7] there is no dispute that service was, in fact, perfected in this case within the applicable limitation period. In addition, Martin Agency raised the issue of the sufficiency of service in the Ben Hill County case, and the trial court, by its grant of PlantersFIRST's motion to dismiss, impliedly determined that PlantersFIRST served Martin Agency within a reasonable time in the Crisp County case.[8] We cannot say as a matter of law that the trial court abused its discretion in so holding.[9]

2. Martin Agency asserts that even if December 5, 2007, was the proper filing date of the Crisp County case, the trial court erred in dismissing its complaint because the matters it asserted in the Ben Hill County case were not compulsory counterclaims. We again must disagree.

This Court has given clear guidelines for determining whether a claim qualifies as a compulsory counterclaim:

> [I]f a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. The broad test to be applied in determining whether a counterclaim is compulsory is whether a logical relationship exists between the respective claims asserted by the opposing parties. In making this determination, we look to see whether judicial economy and fairness dictate that all the issues be resolved in one lawsuit.[10]

A logical relationship arises when (1) the same aggregate or operative facts serve as the basis for both claims, or (2) the case facts supporting the original claim activate legal rights of the defendant that would otherwise remain dormant.[11] And, contrary to Martin

---

[5] *Jenkins*, supra; see also *Kirkland*, supra (filing followed by service creates a pending suit from the date of filing); *Taylor v. Kohlmeyer & Co.*, 123 Ga. App. 493, 494 (1) (181 SE2d 496) (1971) (service or waiver is essential, but when made it relates back to the date of filing).

[6] *Thompson v. Thompson*, 214 Ga. 776, 777 (107 SE2d 655) (1959); *Dyer v. Paffenroth*, 197 Ga. App. 888, 890 (1) (399 SE2d 710) (1990) (physical precedent only).

[7] *Franek v. Ray*, 239 Ga. 282, 286 (236 SE2d 629) (1977).

[8] See *Brock Constr. Co. v. Houston Gen. Ins. Co.*, 144 Ga. App. 860, 864 (6) (243 SE2d 83) (1978).

[9] Id.

[10] (Citations and punctuation omitted.) *Harper v. Harper*, 267 Ga. App. 553, 555 (1) (600 SE2d 659) (2004); see also OCGA § 9-11-13 (a).

[11] See *Bigley v. Mosser*, 235 Ga. App. 583, 585 (509 SE2d 406) (1998) (physical precedent only).

YALE LAW LIBRARY

Agency's contention, a tort counterclaim arising from a contract claim (or vice versa) qualifies as a compulsory counterclaim if it meets the "logical relationship" test.[12] Furthermore, for purposes of OCGA § 9-2-5 (a), a compulsory counterclaim is treated as if it were filed at the time the original action was filed.[13]

Here, the record shows that both Martin Agency's December 12, 2007 complaint and its December 26, 2007 counterclaim are fundamentally similar. They even employ similar language alleging PlantersFIRST committed constructive fraud by knowingly permitting a Martin Agency employee to mismanage and misappropriate the funds using a scheme of kiting to allow Nationwide Insurance Company to sweep premium funds deposited by Martin Agency. The December 12, 2007 complaint alleged constructive fraud against PlantersFIRST and sought recovery of $150,000 allegedly misappropriated by Martin Agency's employee from the "sweep" account that Martin Agency maintained at PlantersFIRST. According to the complaint, PlantersFIRST knowingly allowed the employee to engage in "various schemes of fraud, trick, and artifice, including substantial kiting, in order to deplete said accounts." Likewise, the December 26, 2007 counterclaim alleged that PlantersFIRST had committed constructive fraud by knowingly permitting a Martin Agency employee to mismanage the account, misappropriate its funds, and engage in a "constantly escalating scheme of kiting" without disclosing these activities to Martin Agency. Martin Agency also alleged that PlantersFIRST knowingly allowed these activities to occur, with the additional knowledge that the account's sole purpose was to permit Nationwide to "sweep" premium funds deposited by Martin Agency.

In addition, Martin Agency's claims and PlantersFIRST's claim are logically related. They both involve funds located in a small business checking account, and the duties and obligations alleged by both parties stem from the small business checking account agreement entered into between the parties. Although PlantersFIRST's claim involves the deficiency of funds and Martin Agency's claim involves the fraudulent appropriation of the funds, the trial court properly found that there is a sufficient logical relationship between the parties' claims.[14] PlantersFIRST's overdraft claim is directly

---

[12] See *Kennestone Hosp. v. Hopson*, 264 Ga. App. 123, 127 (2) (589 SE2d 696) (2003) (any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim); *Myers v. United Svcs. Auto. Assn.*, 130 Ga. App. 357, 360 (203 SE2d 304) (1973). See also *Smith v. Tronitec, Inc.*, 277 Ga. 210 (586 SE2d 661) (2003).

[13] See *McLain Bldg. Materials v. Hicks*, 205 Ga. App. 767, 769 (2) (423 SE2d 681) (1992) (a party may not avoid the prohibition of duplicative suits by filing its claim as a separate action in its preferred forum after service but before filing its answer and counterclaim).

[14] See *Bigley*, supra; *Teague v. First Bank &c. Co.*, 244 Ga. 360 (260 SE2d 72) (1979).

related to the misappropriation alleged in Martin Agency's counter-claim. Therefore, Martin Agency's Ben Hill County claim was properly deemed a compulsory counterclaim to PlantersFIRST's Crisp County complaint.

In its appellate brief, Martin Agency argues that it is impossible for this Court to determine from the record whether the account at issue in PlantersFIRST's complaint and Martin Agency's claims is the same account. However, this argument was not asserted in Martin Agency's brief opposing PlantersFIRST's motion to dismiss, and this Court cannot determine whether the issue was otherwise raised below since Martin Agency elected not to include the transcript of the proceedings below in the record on appeal.

> The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. . . . [W]ithout a transcript, we have no way of knowing what issues [Martin Agency] actually raised in the court below, and it is well established that this Court cannot hear arguments raised for the first time on appeal.[15]

In addition, without a transcript, we must accept the trial court's findings of fact to the extent they appear to be based on the hearing below.[16] These findings of fact included the following:

> The record shows that both Plantersfirst's December 5, 2007 claim and [Martin Agency's] December 26, 2007 counterclaim involve funds that had been — or should have been — located in an account created by a Small Business Checking Agreement. Plantersfirst's claim involves the deficiency of funds while [Martin Agency's] counterclaim involves the fraudulent appropriation of these funds. However, regardless [of] the current location of the funds, the fundamental duties and obligations alleged to by both parties stem from this very Small Business Checking Agreement; an Agreement entered into between *these two parties*. As these operative facts serve as a basis for both the claims, this Court finds that there is a sufficient logical relationship between the two.

Martin Agency has failed to provide this Court with a sufficient

---

[15] (Citation and punctuation omitted.) *Nyass v. Tilahun*, 281 Ga. App. 542, 544 (2) (636 SE2d 714) (2006).

[16] See *Greenwald v. Kersh*, 275 Ga. App. 724, 726, n. 3 (621 SE2d 465) (2005).

YALE LAW LIBRARY

record on which to review its claim and, as a result of this failure, we must affirm.[17]

Since PlantersFIRST filed the Crisp County action prior to any filing by Martin Agency, and since Martin Agency's claim is a compulsory counterclaim, the trial court did not err in granting PlantersFIRST's motion to dismiss Martin Agency's Ben Hill County complaint.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 12, 2009.

*John T. Croley, Jr.*, for appellant.
*Gardner, Willis, Sweat & Handelman, Donald A. Sweat*, for appellee.

---

[17] See *Rice v. Baker*, 264 Ga. App. 704, 704-705 (1) (592 SE2d 186) (2003) (where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm).