A09A2408. LAOSEBIKAN et al. v. LAKEMONT COMMUNITY
ASSOCIATION.
(690 SE2d 505)

SMITH, Presiding Judge.

Acting pro se, Ajibola and Emma Laosebikan appeal from the superior court's dismissal of their complaint against the Lakemont Community Association (Lakemont). For the following reasons, we affirm.

> OCGA § 9-11-12 (b) (6) provides that an action can be dismissed upon the merits where the complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. . . . We review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff.

(Citation and punctuation omitted.) *Northeast Ga. Cancer Care v. Blue Cross & Blue Shield of Ga.*, 297 Ga. App. 28, 29 (676 SE2d 428) (2009).

The record reveals that Lakemont filed a complaint against the Laosebikans in the Magistrate Court of Fayette County claiming that they violated certain homeowners association covenants.[1] The magistrate court ruled in favor of the Laosebikans. Lakemont then appealed to the state court, and following a bench trial, the court entered a judgment in Lakemont's favor and awarded it damages in the amount of $11,250. The Laosebikans did not appeal the judgment.

Six-and-a-half months after the judgment, Lakemont filed a claim of lien against the Laosebikans' property. The Laosebikans then filed a new action in the superior court seeking to cancel the

---

[1] Lakemont alleged that the Laosebikans planted trees in their front yard in violation of a covenant that provided: "[g]rass and ornamental plants and shrubbery (and only the foregoing) may be planted on the front or side yard of any lot. All other planting in the front or side yard may be done only with prior written approval of the board or its designees." The trees at issue were hemlocks.

lien claiming that Lakemont acted in bad faith in filing it. Lakemont moved to dismiss the complaint on the ground that the lien was properly filed after the final judgment in its favor, and on the ground that the Laosebikans cannot reargue the merits of the underlying claim because they did not appeal from the state court's judgment. Following a hearing, the trial court summarily granted the motion to dismiss. The Laosebikans now appeal from that order.

In their brief, the Laosebikans argue that Lakemont (1) defrauded the state court by introducing evidence not presented in the magistrate court, and (2) filed the lien in bad faith because (a) Lakemont did not give them proper notice of the lien, and (b) the lien could only be filed if it related to an annual assessment.

1. We cannot address the Laosebikans' argument challenging the merits of the judgment of the state court. The Laosebikans did not appeal the ruling of the state court. Therefore, that judgment is conclusive and any claim raised concerning the merits of that ruling is barred by res judicata. See *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999) (unappealed ruling is res judicata and appellate court cannot review merits); see also OCGA §§ 5-6-38 (adverse ruling must be appealed within 30 days), 9-12-40 (judgment conclusive unless reversed or set aside).

2. The Laosebikans' claims concerning the lien also fail.

(a) On appeal, the Laosebikans claim that the lien was filed in bad faith. But in their complaint, the Laosebikans asserted only that the lien was improper because it was entered without a final judgment. We do not know if they raised the same arguments below as they do here on appeal, because in their notice of appeal, the Laosebikans specifically stated that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." "The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation, punctuation and footnote omitted.) *Steve A. Martin Agency v. PlantersFIRST Corp.*, 297 Ga. App. 780, 784 (2) (678 SE2d 186) (2009). Without a transcript, we have no way of knowing what issues the Laosebikans actually raised in the superior court, and "it is well established that this Court cannot hear arguments raised for the first time on appeal." (Citation, punctuation and footnote omitted.) Id.

(b) The claim that the record reveals the Laosebikans did raise below, that there was no final judgment in the state court, is without merit. The state court entered a final judgment in the amount of $11,250 in favor of Lakemont. And "[u]nder Georgia law, a judgment debtor's personal property is automatically bound by a judgment as of the date the judgment is rendered." (Citation, punctuation and

footnote omitted.) *Tunnelite, Inc. v. Estate of Sims*, 266 Ga. App. 476, 477 (1) (597 SE2d 555) (2004). See OCGA §§ 9-12-80, 44-14-320 (a) (2). Therefore, once the state court judgment was entered, Lakemont became a judgment creditor and was entitled to file a lien binding the Laosebikans' property.

The trial court therefore did not err in dismissing the Laosebikans' complaint.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED FEBRUARY 3, 2010.

Ajibola T. Laosebikan, *pro se.*
Emma J. Laosebikan, *pro se.*
*Temple, Strickland, Dinges & Schwartz, William A. Dinges*, for appellee.