## A10A1095. PRONVEST, INC. et al. v. LEVY et al.

(705 SE2d 204)

MIKELL, Judge.

ProNvest, Inc., and Signix, Inc., plaintiffs below, appeal from the trial court's grant of summary judgment against them on all of their claims[1] against Craig Levy, a former employee of Signix. Plaintiffs also named DocuSign, Inc., the company which hired Levy following his employment with Signix, as a joint defendant with Levy.

Two orders were entered by the trial court on September 29, 2009, one granting summary judgment to Levy and the other granting summary judgment to DocuSign, Inc., on all plaintiffs' claims. A notice of appeal was filed on October 29, 2009, stating that plaintiffs/appellants were appealing both orders granting summary judgment. An amended notice of appeal was filed on January 6, 2010, stating that "Plaintiffs' original Notice of Appeal . . . also included an appeal from the September 29, 2009 order granting DocuSign's motion for summary judgment. . . . *Plaintiffs hereby withdraw their appeal of the DocuSign Order.*" (Emphasis supplied.)

1. In their first enumeration of error, appellants contend that "[t]he trial court erred in requesting that Levy's counsel draft the order granting Levy's motion for summary judgment and adopting that order without notice to Appellants' counsel and without giving Appellants' counsel an opportunity to respond."

The only record citations put forth in support of this argument are to the first page of the trial court's 13-page order granting

---

[1] The claims alleged against Levy and DocuSign, Inc., were for breach of contract, tortious interference with business and contractual relations, conversion, misappropriation of trade secrets, violation of the Georgia Computer Systems Protection Act, and for attorney fees. All of the companies involved in the dispute were engaged in electronic encryption of signatures. Levy worked for Signix, Inc., which was alleged to be a subsidiary of ProNvest, as a salesman. He was terminated by Signix, Inc. and then began work for DocuSign, also as a salesman. After leaving Signix, Inc., Levy prepared a spreadsheet of potential customers from his memory, data sources, and some online social sites. It is this list of customers that plaintiffs alleged contained its proprietary information and was taken from its database.

summary judgment to Levy, which contains nothing to indicate by whom it was drafted, and to the billing statement of Levy's counsel, submitted in support of his motion for attorney fees, which states: "28-Aug-09 Preparation of Proposed Order 14 pages." The transcript of the hearing on the motions for summary judgment does not show that the trial court made a request of counsel for a proposed draft of the order, and there is no showing that the proposed order is the one entered by the trial court. Therefore, appellants have failed to carry their burden and establish error.[2]

2. Appellants' remaining enumerations of error fail because, in its order granting summary judgment to DocuSign, Inc., the trial court ruled conclusively on all of the issues appellants raise as error.

As stated above, appellants have specifically withdrawn their appeal of the trial court's order granting summary judgment to DocuSign, Inc., on all claims made against it. That order found that the Georgia Trade Secrets Act ("GTSA"), OCGA § 10-1-760 et seq., explicitly abolishes all other causes of action predicated on the alleged misappropriation of trade secrets, except breach of contract. Specifically, the GTSA preempts claims where the plaintiff's tort claims rely on the same allegations as those underlying the plaintiff's claim for misappropriation of a trade secret.

Further, that order concluded that the employment contract signed by Levy and the Salesforce.com agreement, the breach of which underpinned all claims against Levy and DocuSign, Inc., were legally unenforceable.[3] Additionally, that order found that "DocuSign's receipt of Mr. Levy's list [of customer prospects] was not the cause of any harm to Plaintiffs. DocuSign did not gain any customers because of Mr. Levy's list, nor conversely did Signix lose any customers or fail to acquire any customers." Regarding damages, this order recited that "[n]ot only is there no evidence of proximate cause, but Plaintiffs also admit that they cannot show any cognizable injury. . . . Plaintiffs are not now and have never been profitable. . . . Indeed, Plaintiffs admit that there is no evidence that they lost any business because DocuSign had Levy's list."

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the

---

[2] See *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981).

[3] Salesforce.com was the software program used by Signix, Inc., to track sales contacts.

judgment was rendered until the judgment is reversed or set aside.[4]

Therefore, the rulings made in the trial court's grant of summary judgment to DocuSign, Inc., are conclusive as between plaintiffs and Levy and the arguments made here concerning the same theories of recovery against Levy are barred by res judicata.[5]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 16, 2010 —
RECONSIDERATION DENIED DECEMBER 16, 2010.

*Miller & Martin, Ryan A. Kurtz*, for appellants.
*Weinberg, Wheeler, Hudgins, Gunn & Dial, Stephen W. Mooney, Margaret A. Fernandez*, for appellees.

---

[4] OCGA § 9-12-40.

[5] *Laosebikan v. Lakemont Community Assn.*, 302 Ga. App. 220, 221 (1) (690 SE2d 505) (2010), citing *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999).