# Court of Appeals
# of the State of Georgia

ATLANTA, January 18, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1100. SHANNON BRADLEY v. THOMAS A. COX, JR.**

Shannon Bradley was convicted of armed robbery and other crimes, and we affirmed his convictions in an unpublished opinion. See Case No. A12A0526 (May 9, 2012). In November 2017, Bradley filed a motion to set aside judgment and a motion in arrest of judgment, in which he asserted that his convictions are void. On November 22, 2017, the superior court denied both motions and ordered its clerk to accept no further pleadings in Bradley's criminal case. Bradley appealed, but his appeal was dismissed because it was untimely. See Case No. A19A0090 (dismissed Aug. 23, 2018). In our dismissal order, however, we noted that to the extent that Bradley's right to timely appellate review was frustrated by trial court error, his remedy was to petition the trial court to vacate and re-enter its order pursuant to *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

Thereafter, Bradley filed a petition for mandamus in superior court. He has now filed an original mandamus petition in this Court, in which he asserts that the superior court has failed to take action on the petition he filed there. He asks this Court to order the superior court to vacate and re-enter its order of November 22, 2017 so that he can appeal his motion to set aside judgment and motion in arrest of judgment.

As an initial matter, we note that the superior court cannot issue a blanket ban on filings in a criminal case. See *Howard v. Sharpe*, 266 Ga. 771, 773 (1) (470 SE2d 678) (1996) (holding that orders restricting filings by criminal defendants must be "narrowly drawn"); *Hooper v. Harris*, 236 Ga. App. 651, 653 (3) (512 SE2d 312) (1999) ("An order that bars adequate, effective and meaningful access to the courts is unconstitutional."). Here, it is unclear whether the superior court's ban on filings

has resulted in its alleged inaction in Bradley's mandamus petition filed below. But in any event, Bradley is not entitled to the mandamus relief he seeks in this Court.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that an appellate court has limited original mandamus authority in aid of its jurisdiction). And mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

Bradley ultimately seeks to set aside his criminal convictions, but "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Moreover, Bradley's motion in arrest of judgment was untimely because it was not filed during the term of court at which the judgment was obtained and, thus, the trial court was without authority to grant it. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012). Accordingly, Bradley has no clear legal right to the relief sought.

As such, this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction, and Bradley's action is hereby DISMISSED. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   01/18/2019
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*