**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 14, 2019**

# In the Court of Appeals of Georgia

A19A0489. STATE ROAD AND TOLLWAY AUTHORITY v. BODAMER.

REESE, Judge.

The State Road and Tollway Authority ("SRTA") filed an action against Catrina Bodamer in the Superior Court of Cobb County to recover $69 in unpaid highway tolls, plus related administrative fees of $3,450 and civil penalties of $9,660, as determined by a final administrative decision. SRTA additionally sought interest so that the total alleged due as of the date of the complaint was in excess of $15,000. Bodamer counterclaimed, alleging lack of notice of the administrative action and toll fines, and seeking judicial review of the administrative decision under the Georgia Administrative Procedure Act ("APA"), OCGA § 50-13-1 et seq.

SRTA filed a motion to dismiss the counterclaim, arguing, inter alia, that the superior court lacked jurisdiction to conduct a judicial review because the counterclaim was not timely filed within 30 days of the service of OSAH's final order. The court denied the motion, and we granted SRTA's application for interlocutory appeal. On appeal, SRTA argues, for the first time, that Bodamer's counterclaim is barred by sovereign immunity. For the reasons set forth, infra, we vacate the judgment and remand for further proceedings.

The record on appeal does not include a transcript of the hearing on SRTA's motion to dismiss. "The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. . . . In addition, without a transcript, we must accept the trial court's findings of fact to the extent they appear to be based on the hearing below."[1]

These findings of fact included the following:

[SRTA] alleges [Bodamer] failed to pay the toll on Georgia Highway 400 on [138] occasions between October 2012 and May 2013. Following the alleged violations, SRTA mailed [Bodamer] various Toll

---

[1] *Steve A. Martin Agency v. PlantersFIRST Corp.*, 297 Ga. App. 780, 784 (2) (678 SE2d 186) (2009) (punctuation and footnotes omitted).

Violation Notices to [Bodamer's] address as listed with the Motor Vehicle Division records at the Georgia Department of Revenue. The Notices were sent using United States regular mail and requested payment of each $.50 toll plus an administrative fee of $25.00 for each alleged violation. On November 20, 2013, SRTA issued a Final Notice to [Bodamer] at [her] address of record. The Final Notice was sent using United States regular mail and requested payment of the outstanding tolls and administrative fees in the amount of $3,519.00 by December 20, 2013.

Further, according to the trial court's order:

[Bodamer] contends that [she] was not residing at the residence as listed with the Georgia Motor Vehicle Division at the time of the mailing of the Toll Violation Notices or the Final Notice. Accordingly, there is no evidence [Bodamer] actually received any Toll Violation Notices or any other notice seeking payment of outstanding tolls. [Bodamer] contends and [SRTA] acknowledges that it does not have proof of any actual receipt of notice by [Bodamer], i.e., certified mail or personal service. At some point prior to October 2014, SRTA moved for a summary determination in the Office of State Administrative Hearings ("OSAH") to find [Bodamer] liable for the alleged outstanding fines. Notice of the Administrative Hearing was sent to [Bodamer] via United States regular mail to the same address as prior notices. It is undisputed that [Bodamer] did not appear at the administrative hearing. On October 8, 2014, OSAH entered its Final Decision, based partially on [Bodamer's] failure to respond [to] the motion for summary determination[.]

3

In OSAH's final decision, attached to SRTA's complaint, OSAH found Bodamer liable for the alleged unpaid tolls, as well as administrative fees and civil penalties in an amount totaling $13,179 ($3,519 for unpaid tolls and administrative fees plus $9,660 for a civil monetary penalty). The final decision attached to the complaint did not include any proof of prior service of the decision.

In her counterclaim, Bodamer sought judicial review of the October 2014 OSAH final decision under OCGA § 50-13-19 (b), which is part of the APA and governs proceedings for review of final "agency" decisions.[2] Under that provision, "[p]roceedings for review are instituted by filing a petition within 30 days after the service of the final decision of the agency[.]"[3] Thus, Bodamer contends, the State has waived sovereign immunity in cases that fall within the APA.[4]

---

[2] See OCGA § 50-13-19 (a) ("Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.").

[3] OCGA § 50-13-19 (b).

[4] See *Dept. of Human Resources v. Williams*, 130 Ga. App. 149, 150 (1) (202 SE2d 504) (1973) (addressing the predecessor statute to OCGA § 50-13-19); see also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e) ("Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."); *Miller v. Ga.*

The trial court denied SRTA's motion to dismiss Bodamer's counterclaim, and this Court granted SRTA's application for interlocutory review.

1. On appeal, SRTA argues that the counterclaim is barred by sovereign immunity and that the superior court erred when it ruled that SRTA was subject to the APA.

(a) As an initial matter, Bodamer contends that SRTA waived its argument that her counterclaim is barred by sovereign immunity. We agree with SRTA that sovereign immunity is jurisdictional in nature and that it did not waive this issue by failing to raise it in its motion to dismiss.[5]

(b) SRTA contends that, "in order to assert a claim against SRTA, Bodamer was required to establish a waiver of SRTA's sovereign immunity and to bring her claim within that specific waiver." SRTA argues, however, that "the only basis

_____

*Ports Auth.*, 266 Ga. 586, 587 (470 SE2d 426) (1996) (holding that the Georgia Ports Authority is a state agency that is entitled to sovereign immunity unless waived by the General Assembly).

[5] See *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 311-312 (1) (806 SE2d 550) (2017). As noted above, SRTA has not included a transcript of the motion to dismiss hearing in the record on appeal. "Without a transcript, we have no way of knowing what issues [the appellant] actually raised in the court below[.]" *Steve A. Martin Agency*, 297 Ga. App. at 784 (2) (punctuation and footnote omitted).

Bodamer cited for her counterclaim was the APA, which does not waive SRTA's

sovereign immunity[.]" Specifically, SRTA asserts that the APA only applies to the

final decisions of "agencies," and that, as a "public authority,"[6] SRTA is statutorily

exempt from the APA. SRTA argues that, as a public authority,[7] it is not considered

an "agency" under the APA, which defines "[a]gency" to exclude "all public

authorities except as otherwise expressly provided by law[.]"[8] Bodamer responds that,

once SRTA referred the matter to OSAH,[9] the administrative proceedings became

---

[6] See OCGA § 32-10-61 ("The State Tollway Authority shall continue to be a body corporate and politic and an *instrumentality* and public corporation of the state known as the 'State Road and Tollway Authority.' It shall have perpetual existence. In said name it may contract and be contracted with, sue and be sued, implead and be impleaded, and complain and defend in all courts of this state, subject to the limitations of Code Section 32-10-110.") (emphasis supplied); see also OCGA § 32-10-110 ("Any action to protect or enforce any rights under this article . . . shall be brought in the Superior Court of Fulton County, which shall have exclusive original jurisdiction of such actions.").

[7] See OCGA § 32-10-61.

[8] OCGA § 50-13-2 (1); see also OCGA § 50-13-42 (a) ("Such exclusion does not prohibit such office or agencies from contracting with [OSAH] on a case-by-case basis.").

[9] See OCGA § 32-10-64 (c) (1) ("If the authority finds multiple failures by a registered owner of a vehicle to pay the proper toll and administrative fee after notice thereof and within the time designated in such notices, the authority may refer the matter to [OSAH].").

subject to the APA.[10] SRTA replies, in part, that "SRTA [did] not have a 'choice' to handle the toll violations within SRTA itself or refer the matter to OSAH." SRTA thus contends that it "is clearly not contracting with OSAH on a case-by-case basis[11] under the APA or OSAH Article."[12]

The sovereign immunity issue in this case appears to be one of first impression, and one that requires further development of the record. On consideration of such a defense, "the trial court may hear evidence and make relevant factual findings to decide the threshold issue."[13]

We therefore vacate the judgment and remand this case for further consideration of the applicability of sovereign immunity.[14]

---

[10] See OCGA § 50-13-41 (a) (1) ("Whenever a state agency authorized by law to determine contested cases initiates or receives a request for a hearing in a contested case which is not presided over by the agency head or board or body which is the ultimate decision maker, the hearing shall be conducted by [OSAH], and such hearings shall be conducted in accordance with the provisions of this chapter and the rules and regulations promulgated under this article.").

[11] See OCGA § 50-13-42 (a).

[12] (Punctuation omitted.)

[13] *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016).

[14] See *Clayton County v. City of College Park*, 301 Ga. 653, 656-657 (2) (803 SE2d 63) (2017).

7

2. In light of the foregoing, we do not address SRTA's remaining claims of error.

*Judgment vacated and case remanded. Miller, P. J., and Rickman, J., concur.*